## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| BUNGE LODERS CROKLAAN USA, LLC, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | Case No. | |
| CARGILL, INC., | ) ) | **JURY TRIAL DEMANDED** | |
| Defendant. | ) ) ) | | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bunge Loders Croklaan USA, LLC alleges as follows for its Complaint for Patent Infringement against Defendant Cargill, Inc.:

### NATURE OF THE ACTION

This is a civil action for the infringement of U.S. Patent No. 7,645,473 under 35 U.S.C. § 271 brought by Bunge Loders Croklaan USA, LLC against Cargill, Inc.

### PARTIES

1.      Plaintiff Bunge Loders Croklaan USA, LLC, formerly known as Loders Croklaan USA, LLC, is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business at 24708 West Durkee Road, Channahon, Illinois, 60410 ("BLC" or "Plaintiff").

2.      On information and belief, Defendant Cargill, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 15407 McGinty Road West, Wayzata, Minnesota 55391 ("Cargill" or "Defendant").

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States, including 35 U.S.C. § 271.

4.      This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated in the State of Delaware.

5.      Venue in this District is proper under 28 U.S.C. § 1400(b) because Defendant is incorporated in the State of Delaware and thus resides in this District.

**PATENT-IN-SUIT**

6.      On January 12, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,645,473, titled *Fat Composition* ("the '473 Patent").  A true and correct copy of the '473 Patent is attached as Exhibit A.

7.      The '473 Patent describes novel vegetable fat compositions comprising glycerides and applications using these novel compositions in baked products and iced confectionary products.

8.      The '473 Patent is valid and enforceable.

9.      BLC is the owner of all right, title, and interest in the '473 Patent.

**FACTUAL BACKGROUND**

10.      BLC is a global leader in specialty oils and fats with products sold in markets worldwide.  BLC's products are used in a variety of categories, including bakery, human nutrition, confectionery, lecithins, snacks, plant-based foods, culinary and frying, and biofuels.

11.     BLC's product line includes palm-oil-based shortenings, plant-based dairy fats, and soybean lecithins.  BLC has made a name for itself in the industry by offering health-conscious food products made from sustainably sourced ingredients.

12.     Many food products contain triglyceride fats, which include a glycerol moiety bound to three fatty acid chains, as illustrated below:



13.     Triglyceride fats are often characterized in terms of the fatty acid contents of their fatty acid chains.  The fatty acid contents can be saturated (no double bonds), or unsaturated (one or more double bonds); cis or trans; and possess various carbon chain lengths.  These factors affect the properties of the triglyceride fats.

14.     Saturated carbon chains may be abbreviated as "S", while unsaturated carbon chains may be referred to as "U".  Therefore, with reference to the above chemical structure, a triglyceride that includes a saturated Carbon Chain 1, an unsaturated Carbon Chain 2, and a saturated Carbon Chain 3 is a SUS triglyceride.  In contrast, a triglyceride that includes a saturated Carbon Chain 1, a saturated Carbon Chain 2, and an unsaturated Carbon Chain 3 is a SSU triglyceride.  Both triglyceride examples fall under the definition of $S_2U$ because they include two saturated carbon chains (S) and one unsaturated carbon chain (U); however, they possess unique chemical structures and properties.  Thus, it is important to consider the varying characteristics of different triglyceride components when creating a food product.

15.     The '473 Patent describes the difficulties and motivation behind manufacturing healthier alternatives for typical food products:

> Due to perceived health benefits, there is a desire amongst consumers for food products that have a low content of trans fatty acids and a low content of saturated fatty acids (SAFA).  In order to achieve these aims, it is necessary to modify the triglyceride composition of the fats.  However, this is a complex problem since most fats rely on the fatty acids of the component triglycerides, for example the saturated fatty acids, in order to achieve the correct balance of organoleptic properties.  Simply lowering the SAFA content of the fat will not necessarily lead to a product that is acceptable to the consumer.

Ex. A at 1:9–19.

16.     Baked goods and iced confectionary products are often thought of as high in fats that may have a negative impact on a person's health.  Thus, a market for healthier alternatives (i.e., food products having a lower content of trans fatty acids and saturated fatty acids) emerged and continues to increase in popularity.

17.     Consumers of food products are not always willing to trade satisfaction for health. As a result, there was a gap in the market for bakery fat compositions having a lower content of trans fatty acids and saturated fatty acids, while still offering a satisfactory mouthfeel, texture, and taste.

18.     BLC has invested significant resources into the research and development of compositions that utilize health-conscious alternatives, such as its sustainable palm oil.  This investment resulted in the invention described in the '473 Patent.

19.     Embodiments of the invention claimed in the '473 Patent include BLC's line of premium shortenings that use a combination of palm oil and canola oil.  This icing shortening, marketed under the name SansTrans®, is essentially free of trans fatty acids and has a far lower level of saturated fatty acids as compared to typical shortenings.  In particular, as exemplified in

the '473 Patent, SansTrans® shortenings include a blend of canola oil and modified palm oil (e.g., palm stearine and interesterified palm oleine).

20.      Cargill directly competes with BLC.  Cargill produces edible oils for baking and confectionary applications.  Cargill has a line of palm oil shortenings, which it markets under the name PalmAgility®.

21.      One of Cargill's products marketed under the PalmAgility® line is PalmAgility® 516 (the "Accused Product"):

| PalmAgility® 516 Icing Shortening* | Palm Oil, Canola Oil, Mono and Diglycerides and Polysorbate 60 | Mettler Dropping Pt: 111-119<br>SFC at 10°C 42-49<br>SFC at 21.1°C 25-32<br>SFC at 33.3°C 10-15<br>SFC at 40°C 5-11 | 130027683<br>(RSPO MB) | Cube |
| --- | --- | --- | --- | --- |

Ex. B at 3 (Column titles, in order from left to right, are Product, Ingredient Statement, Typical Data, SKU/SAP #, and Pack Size.).

22.      BLC sent a letter to Cargill on April 27, 2023, notifying Cargill of the '473 Patent with regard to Cargill's PalmAgility® 516 product.

23.      Cargill replied to BLC's letter on May 24, 2023.  In its response, Cargill stated that, "The shortening product Cargill identified as 'PalmAgility® 516' is not in production, on sale, or being offered for sale by Cargill as of the date of this letter."  Cargill also stated that, "For clarity, because Cargill is not currently producing, selling, or offering for sale the PalmAgility® 516 product we will not be pursuing further investigation or product analysis."  Due to these assurances from Cargill, BLC took no further action.

24.      In July 2024, more than a year after providing this assurance, Cargill informed BLC that it would no longer respect BLC's patent rights, signaling its intention to commercialize

products that would infringe the '473 Patent, such as the PalmAgility® 516 product identified in

BLC's April 27, 2023 letter.

25.     Cargill has made and used the Accused Product in the United States.

26.     On information and belief, Cargill has offered to sell and/or sold the Accused

Product in the United States.

27.     Cargill has known about the '473 Patent and its relevance to Cargill's

PalmAgility® 516 product at least since receiving Plaintiff's April 27, 2023 letter.

28.     On information and belief, Cargill was aware of the '473 Patent long before

receiving BLC's April 27, 2023 letter.  The patent application that issued as the '473 Patent was

first published on December 13, 2007, as U.S. Publication No. 2007/286940.  This published

application has identical claims to the '473 Patent.  Cargill Agrícola S.A., a Brazilian Cargill entity,

cited this publication in its Brazilian Patent Application No. 0903778 filed July 17, 2009.  This is

evidenced by Cargill's corresponding PCT application titled, *Vegetable-Fat Food Compound*

*Containing Cottonseed Oil*.  An excerpt of the reference to Plaintiff's publication appears below:

> US 2007/0286940 describes a fat with a low content of fatty trans acids and reduced content of saturated fatty acids obtained using a mixture of canola oil and palm fractions, with a formulation consisting of:
> - Canola oil – 36.3%
> - Interesterified palm olein – 42.9%
> - Palm stearin – 20.9%
>
> This formulation presented functionality (aeration capacity) in baking and confectionary products, compared to products with higher content of saturated fatty acids. In comparative tests with other fat with a content of saturated fatty acids (35%), but with composition of raw materials, the texture and aeration results were considered unsatisfactory. The document reveals that texture and aeration features in baking and confectionary products are functions of the type and amount of triacylglycerols found in the product.

This PCT application published on January 20, 2011, as WO 2011/006222 A1.

29.    Cargill also cited WO 2007/144132 in its November 20, 2019 Notice of Opposition against BLC's European Patent No. 2194792, titled *Composition Suitable for Use in Baking*.  WO 2007/144132 is a PCT Application in the same patent family as the '473 Patent.  WO 2007/144132 has identical claims to the '473 Patent.   An excerpt of Cargill's citation to WO 2007/144132 follows:

> 23. D9 (WO 2007/144132) is a prior right document according to Art 54(3) EPC and will be used to demonstrate that the contested patent is not new in view of D9.
>
> 24. D9 is a patent application filed by the same applicant as the applicant of the contested patent. The content of this patent application is well-known by the Patentee.
>
> 25. D9  relates to a fat composition and describes uses in puff pastry. On Page 5 starting at line 8 it is indicated that "*more preferably, the blend is a blend of at least three components, further comprising a liquid oil. Suitable liquid oils include canola oil.*
>
> 26. On page 8 starting at line 8 a further preferred fat composition is disclosed.: "*preferably the mixture of fats is a blend of at least three components, further comprising a liquid oil, such as canola oil. …When a three component blend of (i) interesterified palm olein having an iodine value of 55 , (ii) palm stearin having an iodine value of 35, and liquid oil is used, the weight amounts are typically 20 to 50% liquid oil, 30-50% of interesterified palm olein and 10 to 30% of palm stearin having an iodine value of 35.*"

30.    Therefore, on information and belief, Cargill has known of the '473 Patent since shortly after it issued on January 12, 2010.

## COUNT I

### *Cargill's Infringement of the '473 Patent under 35 U.S.C. § 271(a)*

31.     BLC re-alleges and incorporates by reference the other allegations of this Complaint, as if fully set forth herein.

32.    Cargill has directly infringed at least Claim 1 of the '473 Patent by making, using, selling, and/or offering to sell the PalmAgility® 516 product in the United States, without authorization from BLC.

33.     Claim 1 of the '473 Patent covers the following vegetable fat composition:

1. A vegetable fat composition comprising glycerides, wherein the triglyceride content of the composition is:

6 to 20% SSS,
5 to less than 20% SUS
5 to less than 25% SSU
10 to 39 $SU_2$ and
at least 20% $U_3$,

wherein S is a saturated fatty acid residue having 16 to 24 carbon atoms and U is an unsaturated fatty acid residue having at least 18 carbon atoms and all percentages are by weight based on the total triglycerides present in the composition, the weight ratio SUS/SSU is between 0.5 and 2.0, the weight ratio of (saturated fatty acid residues having 18 to 24 carbon atoms)/(saturated fatty acid residues having 16 carbon atoms) in the total S content of the triglycerides is less than 0.2, and the triglycerides contain less than 3% of arachidic and behenic acid residues based on the total fatty acid residue content of the triglycerides, and wherein the saturated fatty acid residue content of the triglycerides is less than 45% by weight of the total fatty acid residues in the triglycerides.

34.     The Accused Product satisfies the requirements of the vegetable fat composition defined in Claim 1 of the '473 Patent.

35.     Claim 1 of the '473 Patent requires "a vegetable fat composition comprising glycerides."

36.     The Accused Product contains a vegetable fat composition comprising glycerides. In particular, the Accused Product contains palm oil and canola oil as ingredients, which both include triglycerides.

37.     Claim 1 of the '473 Patent requires a triglyceride that contains "6 to 20% SSS," "wherein S is a saturated fatty acid residue having 16 to 24 carbon atoms…and all percentages are by weight based on the total triglycerides present in the composition."

38.     The Accused Product contains SSS at a concentration that falls within the claimed range of 6% to 20%.

39.     Claim 1 of the '473 Patent requires a triglyceride that contains "5 to less than 20% SUS," "wherein S is a saturated fatty acid residue having 16 to 24 carbon atoms and U is an unsaturated fatty acid residue having at least 18 carbon atoms and all percentages are by weight based on the total triglycerides present in the composition."

40.     The Accused Product contains SUS at a concentration that falls within the claimed range of 5% to less than 20%.

41.     Claim 1 of the '473 Patent requires a triglyceride that contains "5 to less than 25% SSU," "wherein S is a saturated fatty acid residue having 16 to 24 carbon atoms and U is an unsaturated fatty acid residue having at least 18 carbon atoms and all percentages are by weight based on the total triglycerides present in the composition."

42.     The Accused Product contains SSU at a concentration that falls within the claimed range of 5% to less than 25%.

43.     Claim 1 of the '473 Patent requires a triglyceride that contains "10 to 39[%][1] $SU_2$", "wherein S is a saturated fatty acid residue having 16 to 24 carbon atoms and U is an unsaturated fatty acid residue having at least 18 carbon atoms and all percentages are by weight based on the total triglycerides present in the composition."

---

[1] This claim limitation is missing the percentage symbol; however, the claim requires a triglyceride containing 10% to 39% $SU_2$.

44.     The Accused Product contains $SU_2$ at a concentration that falls within the claimed range of 10% to 39%.

45.     Claim 1 of the '473 Patent requires a triglyceride that contains "at least 20% $U_3$," wherein "U is an unsaturated fatty acid residue having at least 18 carbon atoms and all percentages are by weight based on the total triglycerides present in the composition."

46.     The Accused Product contains $U_3$ at a concentration that exceeds the claimed minimum of 20%.

47.     Claim 1 of the '473 Patent requires a vegetable fat composition wherein "the weight ratio SUS/SSU is between 0.5 and 2.0," "wherein S is a saturated fatty acid residue having 16 to 24 carbon atoms and U is an unsaturated fatty acid residue having at least 18 carbon atoms and all percentages are by weight based on the total triglycerides present in the composition."

48.     The weight ratio of SUS/SSU in the Accused Product falls within the claimed range of 0.5 to 2.0.

49.     Claim 1 of the '473 Patent requires a vegetable fat composition wherein "the weight ratio of (saturated fatty acid residues having 18 to 24 carbon atoms)/(saturated fatty acid residues having 16 carbon atoms) in the total S content of the triglycerides is less than 0.2."

50.     The weight ratio of (saturated fatty acid residues having 18 to 24 carbon atoms)/(saturated fatty acid residues having 16 carbon atoms) in the total S content of the triglycerides in the Accused Product is less than 0.2.

51.     Claim 1 of the '473 Patent requires "triglycerides contain[ing] less than 3% of arachidic and behenic acid residues based on the total fatty acid residue content of the triglycerides."

52.     The triglycerides in the Accused Product contain less than 3% of arachidic and behenic acid residues based on the total fatty acid residue content of the triglycerides.

53.     Claim 1 of the '473 Patent requires "the saturated fatty acid residue content of the triglycerides is less than 45% by weight of the total fatty acid residues in the triglycerides."

54.     The saturated fatty acid residue content of the triglycerides the Accused Product is less than 45% by weight of the total fatty acid residues in the triglycerides.

55.     On information and belief, one or more additional Cargill products also infringe the '473 Patent.

56.     On information and belief, Cargill's infringing acts will continue unless restrained by this Court.

57.     Cargill's actions have caused and are continuing to cause harm to Bunge, which may not be fully compensable by monetary damages.

58.     BLC is entitled to recover damages adequate to compensate BLC for Cargill's infringement of the '473 Patent.

59.     Cargill's infringement of the '473 Patent has caused, is causing, and/or will continue to cause BLC to suffer irreparable harm, and BLC is entitled to preliminary and permanent injunctive relief to prevent further infliction of such harm.

## COUNT II

### Cargill's Indirect Infringement of the '473 Patent under 35 U.S.C. § 271(b)

60.     BLC re-alleges and incorporates by reference the other allegations of this Complaint, as if fully set forth herein.

61.     Cargill has directly infringed, and continues to directly infringe, the '473 Patent at least by manufacturing, using, offering to sell, and/or selling PalmAgility® 516, which embodies the fat composition claimed in the '473 Patent.

62.     On information and belief, Cargill has indirectly infringed, and continues to indirectly infringe, the '473 Patent by, *inter alia*, actively and knowingly inducing others, such as its customers, to use the Accused Product in the United States.

63.     Defendant has actual knowledge of the '473 Patent.  On information and belief, Cargill has known about the '473 Patent since shortly after it issued on January 12, 2010.  Cargill has further known about the '473 Patent at least since receiving BLC's April 27, 2023, letter notifying Cargill of the '473 Patent.

64.     On information and belief, Cargill presented its PalmAgility® 516 product at the 2022 International Baking Industry Exposition.

65.     On information and belief, Cargill has provided samples of its PalmAgility® 516 product to one or more customers or potential customers, such as bakeries.

66.     On information and belief, Cargill aids, instructs, or otherwise acts with the intent to cause the recipients of the Accused Product to use it in an infringing manner.

67.     On information and belief, Cargill is aware or reasonably should be aware that the distribution of the PalmAgility® 516 product, and the subsequent use of this Accused Product, infringes the '473 Patent.

68.     On information and belief, Defendant has been and continues to indirectly infringe the '473 Patent at least by distributing the Accused Product and encouraging infringing use thereof.

69.     Defendant's infringing actions have been, and continue to be, knowing, intentional, and willful.

70.     On information and belief, Cargill's infringing acts will continue unless restrained by this Court.

71.     Cargill's actions have caused and are continuing to cause harm to BLC, which may not be fully compensable by monetary damages.

72.     BLC is entitled to recover damages adequate to compensate BLC for Cargill's infringement of the '473 Patent.

73.     Cargill's infringement of the '473 Patent has caused and is continuing to cause BLC to suffer irreparable harm, and BLC is entitled to injunctive relief to prevent further infliction of such harm.

### PRAYER FOR RELIEF

WHEREFORE, BLC respectfully requests the following relief:

A.     A judgment that Defendant has infringed the '473 Patent;

B.     A judgment that Defendant's infringement of the '473 Patent has been willful;

C.     A preliminary and permanent injunction restraining and enjoining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant, from any further infringement of the '473 Patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

D.     A judgment that BLC be awarded all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement of the '473 Patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

E.     An order trebling any and all damages awarded to BLC by reason of Cargill's willful infringement pursuant to 35 U.S.C. § 284;

F.	A judgment that this case be declared exceptional within the meaning of 35 U.S.C.

§ 285 and that BLC be awarded its reasonable attorneys' fees;

G.	A judgment that BLC be awarded costs and expenses that it incurs in prosecuting

this action; and

H.	A judgment or award of such other and further relief as this Court deems just and

proper.

<u>**DEMAND FOR JURY TRIAL**</u>

BLC respectfully demands a jury trial on all claims and issues so triable.

Dated:  July 29, 2024                                       **ARMSTRONG TEASDALE LLP**

By:  _/s/ Jonathan Stemerman_
Jonathan M. Stemerman (DE No. 4510)
1007 N. Market St., 3rd Floor
Wilmington, DE 19801
Telephone: (302) 416-9667
jstemerman@atllp.com

Richard L. Brophy (*pro hac vice forthcoming*)
Marc Vander Tuig (*pro hac vice forthcoming*)
Zachary S. Wiersma (*pro hac vice forthcoming*)
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
mvandertuig@atllp.com
zwiersma@atllp.com

*Attorneys for Plaintiff Bunge Loders Croklaan USA, LLC*