UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:24-cv-00884

**Bunge Loders Croklaan USA, LLC,**
*Plaintiff,*
v.
**Cargill, Inc.,**
*Defendant.*

# ORDER

Parties filed a joint claim-construction chart setting forth five terms—more aptly, five phrases—to construe under *Markman*. Doc. 58. Neither party advances a construction for any of these five claim phrases. Plaintiff alleges each phrase is "[n]ot indefinite"; defendant alleges each phrase is "indefinite." *Id.* at 4–8.

Indefiniteness is "inextricably intertwined with claim construction." *Atmel Corp. v. Info. Storage Devices*, 198 F.3d 1374, 1379 (Fed. Cir. 1999). Even so, when indefiniteness depends on "subsidiary factual issue[s]," courts "defer ruling on the indefiniteness dispute" until summary judgment or trial. *Ostuka Pharm. Co. v. Zenara Pharma Priv. Ltd.*, No. 1:19-cv-01938, 2021 WL 3172017, at *4 (D. Del. July 27, 2021).

Here, defendant claims all five phrases are indefinite because "[n]othing in the intrinsic record informs a person of ordinary skill in the art of the scope of the invention with reasonable certainty." Doc. 58 at 4–8. Whether the intrinsic record discloses an adequate written description to a person of ordinary skill in the art is a question of fact. *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). Conversely, claim construction is a question of law. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326–27 (2015) (explaining that "the subsidiary question of how the art understood the term was plainly a question of fact") (cleaned up) (quoting *Harries v. Air King Prods. Co.*, 183 F.2d 158, 164 (2d Cir. 1950) (L. Hand, C. J.)). While the court

acknowledges indefiniteness can be considered at the claim construction stage, it declines to do so here. *See Pac. Bioscis. of Cal., Inc. v. Oxford Nanopore Techs., Inc.*, No. 1:17-cv-00275, 2019 WL 2453780, at *3 (D. Del. June 12, 2019) (delaying ruling on indefiniteness when "under the circumstances here, the Court would benefit from further development of the record, including expert discovery.").

As there are no constructions needed for any of the claim terms, the court will defer ruling on indefiniteness until a later stage. *See Plastipak Packaging, Inc. v. Premium Waters, Inc.*, 55 F.4th 1332, 1340 (Fed. Cir. 2022) ("Where, as here, the parties do not dispute the scope of any particular claim term . . . claim construction is not necessary."); *see also Alcon Rsch, Ltd. v. Barr Lab'ys Inc.*, No. 1:09-cv-00318, 2011 WL 3901878, at *16 (D. Del. Sept. 6, 2011) ("[T]he weight of jurisprudence disfavors indefiniteness determinations at the *Markman* stage . . . ."). Thus, the court will consider any indefiniteness arguments on a motion for summary judgment or at trial. *See CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) (stating that "the district court has considerable latitude in determining when to resolve issues of claim construction"); *see also Pharmastem Therapeutics, Inc. v. Viacell Inc.*, No. 1:02-cv-00148, 2003 WL 124149, at *1 n.1 (D. Del. Jan. 13, 2003) (noting that arguing indefiniteness at claim construction "is clearly an attempt at an end-run around the court's scheduling order regarding the filing of dispositive motions").

As there are no claim terms in dispute, the *Markman* hearing scheduled for December 18, 2025, and any accompanying claim construction briefing is cancelled. This order does not address the merits of defendant's indefiniteness arguments. Defendant is free to reassert any indefiniteness arguments in a summary judgment motion. Plaintiff's motion to amend claim construction briefing and to extend certain deadlines (Doc. 60) is denied as moot. Considering the above, parties are directed to jointly file any proposed amendments to the scheduling order within 21 days.

*So ordered by the court on September 9, 2025.*

J. CAMPBELL BARKER
United States District Judge