UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:24-cv-00884

**Bunge Loders Croklaan USA, LLC,**
*Plaintiff,*
v.
**Cargill, Inc.,**
*Defendant.*

# ORDER

Before the court is defendant's motion to compel plaintiff to supplement its infringement contentions. Doc. 74. Defendant asks this court to compel plaintiff to supplement its infringement contentions "on a claim-by-claim and limitation-by-limitation basis" (1) for how each accused product directly infringes, including how to measure the claimed percentages; and (2) for how each accused product infringes under the doctrine of equivalents. *Id.* at 2. As to the first point, defendant argues that because plaintiff fails to provide a measurement technique for the claimed percentages, and different techniques produced different results, the claimed limitations are indefinite under 35 U.S.C. § 112. *Id.* at 3. The court will entertain such arguments on indefiniteness on a motion for summary judgment. *See* Doc. 61 at 2.

Further, while defendant represents that it produced a sample of an accused product for plaintiff to test, defendant has not reached an agreement with plaintiff that would allow plaintiff to use the results of the testing in this litigation. Doc. 77-4. Also, plaintiff alleges that more than one of defendant's products infringe the asserted patent (Doc. 19 at 5–6) and defendant has only provided the one sample that remains untested. Plaintiff also alleges that defendant has not provided any substantive data regarding the composition of the accused products. Doc. 77 at 3.

Plaintiff has provided limitation-by-limitation infringement contentions sufficient to provide defendant notice of plaintiff's

infringement theory. Doc. 75-1; *see also Wi-Lan Inc. v. Vizio, Inc.*, No. 1:15-cv-00788, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018) ("Plaintiff need not in its contentions actually prove its infringement case."). Plaintiff also provided a method to measure the claimed percentages. Doc. 75-11 at 11.

Should plaintiff be given access to test samples of the accused product or be provided with sufficient data on the accused products, as represented in Doc. 77-2, plaintiff may be obligated to update these infringement contentions. *See* Oral Order, *Takeda Pharm. Co. v. Teva Pharms. USA, Inc.*, No. 1:16-cv-00246 (D. Del. Jan. 31, 2017), Doc. 53 (denying motion to compel because plaintiff had "sufficiently identified its infringement theory and has additionally represented that it will supplement its infringement contentions once [it had] finished testing recently-obtained product samples"). Until then, defendant has not sufficiently disclosed enough in discovery to require plaintiff to update its contentions under a theory of direct or equivalence infringement. *See GlaxoSmithKline Biologicals SA v. Moderna, Inc.*, No. 1:24-cv-01136, 2025 WL 2851715, at *3 ("These contentions will be further developed and refined as the case proceeds through discovery . . . and [plaintiff's] disclosure of final infringement contentions, but at this stage, [plaintiff] is not required to . . . prove its literal infringement case.").

Accordingly, defendant's motion to compel is denied without prejudice to refiling after further discovery is completed.

*So ordered by the court on December 16, 2025.*

J. CAMPBELL BARKER
United States District Judge